IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE QUIROZ-GREENE, ET AL., | : | CONSOLIDATED UNDER MDL 875 |
| | : | |
| Plaintiffs, | : | |
| | : | Transferred from the |
| | : | Northern District of |
| v. | : | California |
| | : | (Case No. 11-05133) |
| | : | |
| THOMAS DEE ENGINEERING CO., | : | |
| ET AL., | : | E.D. PA CIVIL ACTION NO. |
| | : | 2:11-67756-ER |
| Defendants. | : | |

### O R D E R

**AND NOW,** this **28th** day of **January, 2014,** it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant General

Dynamics Corporation (Doc. No. 45) is **GRANTED in part; DENIED in**

**part.**[1]

---

[1]    This case was transferred in November of 2011 from the United States District Court for the Northern District of California to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

        Plaintiffs allege that Lejon Greene ("Decedent" or "Mr. Greene") was exposed to asbestos, inter alia, while working aboard a Navy ship during the period 1978 to 1987. Defendant General Dynamics Corporation ("General Dynamics") built ships. The alleged exposure pertinent to Defendant General Dynamics occurred during Decedent's work aboard:

- USS Kilauea (T-AE-26)

        Plaintiffs brought claims against various defendants. Defendant General Dynamics has moved for summary judgment arguing that (1) Plaintiffs cannot establish that Decedent's illness and death were caused by asbestos exposure for which Defendant is liable, (2) it is immune from liability by way of the government contractor defense, and (3) it is entitled to summary judgment on grounds of the sophisticated user defense.

_____

Defendant contends that California law applies. Plaintiffs contend that maritime law applies.

I.   **Legal Standard**

   A.   Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

   B.   The Applicable Law

      1.   Government Contractor Defense (Federal Law)

Defendant's motion for summary judgment on the basis of the government contractor defense is governed by federal law. In matters of federal law, the MDL transferee court applies the law of the circuit where it sits, which in this case is the law of the U.S. Court of Appeals for the Third Circuit. Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362-63 (E.D. Pa. 2009)(Robreno, J.).

2

2.    State Law Issues (Maritime versus State Law)

Defendant contends that California law applies.
Plaintiffs contend that maritime law applies. Where a case sounds
in admiralty, application of a state's law (including a choice of
law analysis under its choice of law rules) would be
inappropriate. Gibbs ex rel. Gibbs v. Carnival Cruise Lines, 314
F.3d 125, 131-32 (3d Cir. 2002). Therefore, if the Court
determines that maritime law is applicable, the analysis ends
there and the Court is to apply maritime law. See id.

Whether maritime law is applicable is a threshold
dispute that is a question of federal law, see U.S. Const. Art.
III, § 2; 28 U.S.C. § 1333(1), and is therefore governed by the
law of the circuit in which this MDL court sits. See Various
Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F.
Supp. 2d 358, 362 (E.D. Pa. 2009)(Robreno, J.). This court has
previously set forth guidance on this issue. See Conner v. Alfa
Laval, Inc., 799 F. Supp. 2d 455 (E.D. Pa. 2011)(Robreno, J.).

In order for maritime law to apply, a plaintiff's
exposure underlying a products liability claim must meet both a
locality test and a connection test. Id. at 463-66 (discussing
Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513
U.S. 527, 534 (1995)). The locality test requires that the tort
occur on navigable waters or, for injuries suffered on land, that
the injury be caused by a vessel on navigable waters. Id. In
assessing whether work was on "navigable waters" (i.e., was sea-
based) it is important to note that work performed aboard a ship
that is docked at the shipyard is sea-based work, performed on
navigable waters. See Sisson v. Ruby, 497 U.S. 358 (1990). This
Court has previously clarified that this includes work aboard a
ship that is in "dry dock." See Deuber v. Asbestos Corp. Ltd.,
No. 10-78931, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2,
2011)(Robreno, J.)(applying maritime law to ship in "dry dock"
for overhaul). By contrast, work performed in other areas of the
shipyard or on a dock, (such as work performed at a machine shop
in the shipyard, for example, as was the case with the Willis
plaintiff discussed in Conner) is land-based work. The connection
test requires that the incident could have "'a potentially
disruptive impact on maritime commerce,'" and that "'the general
character' of the 'activity giving rise to the incident' shows a
'substantial relationship to traditional maritime activity.'"
Grubart, 513 U.S. at 534 (citing Sisson, 497 U.S. at 364, 365,
and n.2).

3

Locality Test

If a service member in the Navy performed some work at
shipyards (on land) or docks (on land) as opposed to
onboard a ship on navigable waters (which includes a
ship docked at the shipyard, and includes those in "dry
dock"), "the locality test is satisfied as long as some
portion of the asbestos exposure occurred on a vessel
on navigable waters." Conner, 799 F. Supp. 2d at 466;
Deuber, 2011 WL 6415339, at *1 n.1. If, however, the
worker never sustained asbestos exposure onboard a
vessel on navigable waters, then the locality test is
not met and state law applies.

Connection Test

When a worker whose claims meet the locality test was
primarily sea-based during the asbestos exposure, those
claims will almost always meet the connection test
necessary for the application of maritime law. Conner,
799 F. Supp. 2d at 467-69 (citing Grubart, 513 U.S. at
534). This is particularly true in cases in which the
exposure has arisen as a result of work aboard Navy
vessels, either by Navy personnel or shipyard workers.
See id. But if the worker's exposure was primarily
land-based, then, even if the claims could meet the
locality test, they do not meet the connection test and
state law (rather than maritime law) applies. Id.

It is undisputed that the alleged exposures pertinent
to Defendant occurred aboard a ship. Therefore, these exposures
were during sea-based work. See Conner, 799 F. Supp. 2d 455;
Deuber, 2011 WL 6415339, at *1 n.1. Accordingly, maritime law is
applicable to Plaintiffs' claims against Defendant. See id. at
462-63.

C.   A Navy Ship Is Not a "Product"

This Court has held that a Navy ship is not a "product"
for purposes of application of strict product liability law. Mack
v. General Electric Co., 896 F. Supp. 2d 333, 345 (E.D. Pa. 2012)
(Robreno, J.). As such, a shipbuilder defendant cannot face
liability on a strict product liability claim. Id.

4

---

D.   Navy Shipbuilder Negligence Under Maritime Law

This Court has held that a Navy ship builder owes a plaintiff a duty of reasonable care under the circumstances. Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.). Whether this duty has been breached is a fact-driven analysis that must be considered on a case-by-case basis. Id.

E.   Causation Under Maritime Law

In order to establish causation for an asbestos claim under maritime law, a plaintiff must show, for each defendant, that, inter alia, he was exposed to asbestos for which the defendant is liable such that the asbestos was a substantial factor in causing the injury he suffered. Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005); citing Stark v. Armstrong World Indus., Inc., 21 F. App'x 371, 375 (6th Cir. 2001). A mere showing that an asbestos product was present somewhere at plaintiff's place of work is insufficient. Id. Rather, the plaintiff must show "'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" Id. at 376 (quoting Harbour, 1991 WL 65201, at *4).

F.   Government Contractor Defense

To satisfy the government contractor defense, a defendant must show that (1) the United States approved reasonably precise specifications for the product at issue; (2) the equipment conformed to those specifications; and (3) it warned the United States about the dangers in the use of the equipment that were known to it but not to the United States. Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988). As to the first and second prongs, in a failure to warn context, it is not enough for defendant to show that a certain product design conflicts with state law requiring warnings. In re Joint E. & S.D.N.Y. Asbestos Litig., 897 F.2d 626, 630 (2d Cir. 1990). Rather, the defendant must show that the government "issued reasonably precise specifications covering warnings-specifications that reflect a considered judgment about the warnings at issue." Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770, 783 (E.D. Pa. 2010)(Robreno, J.)(citing Holdren v. Buffalo Pumps, Inc., 614 F. Supp. 2d 129, 143 (D. Mass. 2009)). Government approval of warnings must "transcend rubber stamping" to allow a defendant to be shielded from state law liability. 739

5

F. Supp. 2d at 783. This Court has previously cited to the case of Beaver Valley Power Co. v. Nat'l Engineering & Contracting Co., 883 F.2d 1210, 1216 (3d Cir. 1989), for the proposition that the third prong of the government contractor defense may be established by showing that the government "knew as much or more than the defendant contractor about the hazards" of the product. See, e.g., Willis v. BW IP Int'l, Inc., 811 F. Supp. 2d 1146 (E.D. Pa. Aug. 29, 2011)(Robreno, J.); Dalton v. 3M Co., No. 10-64604, 2011 WL 5881011, at *1 n.1 (E.D. Pa. Aug. 2, 2011) (Robreno, J.). Although this case is persuasive, as it was decided by the Court of Appeals for the Third Circuit, it is not controlling law in this case because it applied Pennsylvania law. Additionally, although it was decided subsequent to Boyle, the Third Circuit neither relied upon, nor cited to, Boyle.

### G.   Government Contractor Defense at Summary Judgment Stage

    This Court has noted that, at the summary judgment stage, a defendant asserting the government contractor defense has the burden of showing the absence of a genuine dispute as to any material fact regarding whether it is entitled to the government contractor defense. Compare Willis, 811 F. Supp. 2d at 1157 (addressing defendant's burden at the summary judgment stage), with Hagen, 739 F. Supp. 2d 770 (addressing defendant's burden when Plaintiff has moved to remand). In Willis, the MDL Court found that defendants had not proven the absence of a genuine dispute as to any material fact as to prong one of the Boyle test since plaintiff had submitted affidavits controverting defendants' affidavits as to whether the Navy issued reasonably precise specifications as to warnings which were to be placed on defendants' products. The MDL Court distinguished Willis from Faddish v. General Electric Co., No. 09-70626, 2010 WL 4146108 at *8-9 (E.D. Pa. Oct. 20, 2010)(Robreno, J.), where the plaintiffs did not produce any evidence of their own to contradict defendants' proofs. Ordinarily, because of the standard applied at the summary judgment stage, defendants are not entitled to summary judgment pursuant to the government contractor defense.

### H.   Sophisticated User Defense Under Maritime Law

    This Court has previously held that a manufacturer or supplier of a product has no duty to warn an end user who is "sophisticated" regarding the hazards of that product. Mack, 896 F. Supp. 2d at 342. In doing so, the Court held that the

sophistication of an intermediary (or employer) – or the warning of that intermediary (or employer) by a manufacturer or supplier – does not preclude potential liability of the manufacturer or supplier. Id. at 343. As set forth in Mack, a "sophisticated user" is an end user who either knew or belonged to a class of users who, by virtue of training, education, or employment could reasonably be expected to know of the hazards of the product at issue. Id. When established, the defense is a bar only to negligent failure to warn claims (and is not a bar to strict product liability claims). Id.

## II.  Defendant General Dynamics's Motion for Summary Judgment

### Exposure / Causation

General Dynamics argues that Plaintiffs have no evidence of asbestos exposure for which it is liable.

### Government Contractor Defense

General Dynamics asserts the government contractor defense, arguing that it is immune from liability in this case, and therefore entitled to summary judgment, because the Navy exercised discretion and approved reasonably precise specifications for the products at issue, Defendants provided warnings that conformed to the Navy's approved warnings, and the Navy knew about the hazards of asbestos. In asserting this defense, General Dynamics relies upon the affidavit of Admiral Roger B. Horne, Jr.

### Sophisticated User Defense

General Dynamics asserts that it is entitled to summary judgment on the basis of the sophisticated user defense because the Navy was a sophisticated user. In asserting this defense, it relies upon the affidavit of Admiral Horne to establish that the Navy had superior knowledge regarding the hazards of asbestos.

### Defendant's Objections to Plaintiffs' Evidence

In connection with its reply briefing, Defendant General Dynamics objects to the testimony of Plaintiffs' expert, Charles Ay, seeking to have it stricken.

### B.   Plaintiffs' Arguments

Exposure / Causation

Plaintiffs contend that Decedent was exposed to asbestos from insulation aboard the ship at issue and that Defendant is liable for injuries arising from this exposure. In support of their assertion that they have identified sufficient evidence to survive summary judgment, Plaintiffs cite to various pieces of evidence, which are summarized here in pertinent part:

- Declaration of Co-Worker Dave Rivera
  Mr. Rivera worked with Decedent aboard the ship at issue at some point during the time period 1979 to 1984. He provides testimony that, during Decedent's work aboard the ship, he was exposed to respirable asbestos dust from insulation that he disturbed and/or removed. He states that he did not see any warnings about asbestos aboard the ship, and never saw Decedent wearing a respirator or protective gear.

  (Pl. Ex. C, Doc. No. 47-1.)

Government Contractor Defense

Plaintiffs argue that summary judgment in favor of Defendant on grounds of the government contractor defense is not warranted because, inter alia, there are genuine issues of material fact regarding its availability to Defendant. To contradict the evidence relied upon by Defendant, Plaintiffs cite to (a) MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of which Plaintiffs contend indicates that the Navy explicitly permitted (and perhaps even required) warnings.

Sophisticated User Defense

Plaintiffs asserts that General Dynamics is not entitled to summary judgment on grounds of the sophisticated user defense because (1) General Dynamics has not adduced evidence that Decedent was a "sophisticated user," and (2) General Dynamics is really arguing for a "sophisticated intermediary defense" (which Plaintiffs contend is not recognized by maritime law).

Defendant's Objections to Plaintiffs' Evidence

          Because Defendant's objections were submitted in
connection with its reply briefing, Plaintiffs have not responded
to these objections. However, Plaintiffs have objected to the
testimony of Defendant's expert, Admiral Horne.

### C.  Analysis

Defendant's Objections to Plaintiff's Evidence

          As a preliminary matter, the Court notes that it has
reviewed Defendant's objection to Mr. Ay's testimony. The Court
need not consider Mr. Ay's testimony in order to resolve
Defendant's summary judgment motion and therefore declines to
address the objection at this stage of the litigation.

Exposure / Causation

          Plaintiffs allege that Decedent was exposed to asbestos
from insulation aboard a ship manufactured by Defendant General
Dynamics. However, this Court has held that a Navy ship is not a
"product" for purposes of application of strict product liability
law. Mack, 896 F. Supp. 2d at 345. As such, a shipbuilder
defendant such as General Dynamics cannot face liability on a
strict product liability claim. Id. Accordingly, summary judgment
in favor of Defendant is warranted with respect to Plaintiffs'
claims against it sounding in strict product liability. Anderson,
477 U.S. at 248.

          The Court next considers, separately, Defendant's
potential liability and/or entitlement to summary judgment with
respect to Plaintiff's claims sounding in negligence.

          In its motion and/or reply brief, Defendant General
Dynamics contends that it is entitled to summary judgment on
Plaintiff's negligence claims because (1) Plaintiffs cannot
establish that Defendant breached a legal duty of care owed to
him, and (2) Plaintiff cannot establish that he was exposed to
asbestos for which Defendant is liable. However, this Court has
held that a Navy ship builder owes a plaintiff a duty of
reasonable care under the circumstances. Filer v. Foster Wheeler,
LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.).
Whether this duty has been breached is a fact-driven analysis
that must be considered on a case-by-case basis. Id.

In the case at hand, Plaintiffs have cited to evidence
that Defendant knew (or should have known) of the hazards of
asbestos at all times relevant to this action, including at the
time the ship at issue was built. Plaintiffs have presented
evidence that Defendant installed asbestos insulation aboard the
ship. It is undisputed that Defendant did not warn of asbestos
products (and, specifically, asbestos insulation) it installed
aboard the ship. Defendant contends that, unless Plaintiffs can
establish that the asbestos insulation to which Decedent was
exposed is the same asbestos insulation that Defendant originally
installed aboard the ship (as opposed to replacement insulation),
it cannot be liable because Plaintiffs cannot establish causation
between Decedent's injury and Defendant's failure to warn about
the insulation it installed.

The Court disagrees. Regardless of who is ultimately
found to have installed the insulation, if the jury finds that
Defendant's failure to warn about the insulation that gave rise
to Plaintiff's injury was not reasonable under the circumstances,
then Defendant may be liable. If the jury finds that Defendant's
failure to warn about the insulation that gave rise to
Plaintiff's injury was reasonable under the circumstances, then
Defendant is not liable. It is the jury's role to determine
whether Defendant's failure to warn about the insulation at issue
(whether original or replacement insulation) was reasonable under
the circumstances, and whether that failure to warn was the cause
of Plaintiff's injury. Accordingly, summary judgment in favor of
Defendant is not warranted with respect to Plaintiff's negligence
claims against it. Anderson, 477 U.S. at 248-50.

Government Contractor Defense

Plaintiffs have pointed to evidence that contradicts
(or at least appears to be inconsistent with) General Dynamics's
evidence as to whether the Navy did or did not reflect considered
judgment over whether warnings could be included with asbestos-
containing products. Specifically, Plaintiffs have pointed to (a)
MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of which
Plaintiffs contend indicates that the Navy not only permitted but
expressly required warnings. This is sufficient to raise genuine
issues of material fact as to whether the first and second prongs
of the Boyle test are satisfied with respect to General Dynamics.
See Willis, 811 F. Supp. 2d 1146. Accordingly, summary judgment
on grounds of the government contractor defense is not warranted.
See Anderson, 477 U.S. at 248-50.

10

_____

Sophisticated User Defense

        Defendant General Dynamics asserts that it is not
liable for Decedent's injuries because the Navy (on whose ship he
was exposed to asbestos) was sophisticated as to the hazards of
asbestos. It is true that this Court has previously held that a
manufacturer or supplier of a product has no duty to warn an end
user who is "sophisticated" regarding the hazards of that
product. Mack, 896 F. Supp. 2d at 342. However, Defendant has
presented no evidence that Decedent knew – or belonged to a class
of users who, by virtue of training, education, or employment
could reasonably be expected to know – of the hazards of the
asbestos-containing product at issue.

        Moreover, the Court has previously held that the
sophistication of an intermediary (or employer), such as the
Navy – or the warning of that intermediary (or employer) by a
manufacturer or supplier – does not preclude potential liability
of the manufacturer or supplier. Id. at 343. Therefore, despite
the fact that Defendant has presented evidence that the Navy was
sophisticated as to the hazards of asbestos, summary judgment in
favor of Defendant General Dynamics is not warranted on grounds
of the sophisticated user defense. See Anderson, 477 U.S. at 248-
50.

    D.  Conclusion

        Defendant General Dynamics is entitled to summary
judgment with respect to Plaintiffs' strict product liability
claims because a Navy ship is not a "product" within the meaning
of strict product liability law.

        With respect to Plaintiffs' remaining negligence-based
claims, Defendant General Dynamics has not established that it is
entitled to summary judgment on any of the other bases it has
asserted. First, Defendant has failed to identify the absence of
a genuine dispute of material fact with respect to Plaintiffs'
negligence claims, because Plaintiffs have identified sufficient
evidence to support a finding of negligence. Second, Plaintiffs
have produced evidence to controvert Defendant's proofs regarding
the availability to Defendant of the government contractor
defense. Finally, General Dynamics has not presented evidence to
establish that Decedent was a sophisticated user of the asbestos-
containing products at issue as is required to support the

11

E.D. Pa. No. 2:11-67756-ER          **AND IT IS SO ORDERED.**

_____
          EDUARDO C. ROBRENO, J.

---

sophisticated user defense under maritime law. Accordingly, with
respect to Plaintiffs' negligence claims, summary judgment in
favor of Defendant General Dynamics is not warranted.